UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL A. BURKE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : NO. 3:07CV889 (MRK) |
| | : |
| ALSO CORNERSTONE et al., | : |
| | : |
| Defendants. | : |

**ORDER**

Currently pending before the Court is Defendants' Motion to Dismiss [doc. # 24], in which Defendants argue that this Court lacks subject matter jurisdiction over Mr. Burke's suit and, in the alternative, that Mr. Burke fails to state a claim. For the reasons stated below, Defendants' Motion is denied in part and denied without prejudice to renewal in part.

**I.**

Mr. Burke was retained by Also Cornerstone as an independent consultant in April 2006, and his primary responsibility was to teach classes related to a Pretrial Intervention Program. Mr. Burke voluntarily resigned that position in October 2006.[1] Mr. Burke then filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), and with the Equal Employment Opportunity Commission ("EEOC"). The gravamen of Mr. Burke's Complaint is not entirely clear to the Court, but he appears to claim employment discrimination amounting to a violation of Title VII, 42 U.S.C. § 2000e *et seq.*, in that Also Cornerstone allegedly treated him as an employee, rather than an independent contractor. Mr. Burke was unhappy with the level of

---

[1] Although Mr. Burke wrote in his Complaint [doc. # 3] that he resigned in October 2005, the date on the contract he signed with Also Cornerstone leads the Court to believe that the year was in fact 2006.

control Also Cornerstone allegedly sought to exert over him, and considered such involvement inappropriate given Mr. Burke's status as an independent contractor. After he resigned as an independent contractor, Mr. Burke states that he sought to be rehired as a full-time clinician. His CHRO investigation was already pending, and Mr. Burke attributes Also Cornerstone's decision to hire someone else both to retaliation for his filing a complaint with the CHRO and to race and sex discrimination, as the candidate chosen was a white woman.

## II.

*Federal Rule of Civil Procedure* 8(a) requires that a complaint present "a short and plain statement of the grounds upon which the court's jurisdiction depends." In considering a motion to dismiss under *Federal Rule of Civil Procedure* 12(b)(1) for lack of subject matter jurisdiction, "a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As the Second Circuit has noted, however, "when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (citing *Norton v. Larney*, 266 U.S. 511 (1925)). Because federal courts are courts of limited subject matter jurisdiction, the party asserting federal jurisdiction bears the burden of proof on that issue. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996). In making its determination under Rule 12(b)(1), a court may consider affidavits and other material beyond the pleadings. *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 (2d Cir. 2001).

**III.**

Title VII requires that a complainant timely file his claim with the EEOC and that he timely file suit after he receives a right-to-sue notice. *See* 42 U.S.C. § 2000e-5(f)(1). As the Supreme Court has noted, however, administrative exhaustion is not a jurisdictional prerequisite to Title VII claims; rather, it is a requirement that is subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Defendants agree that Mr. Burke filed a timely complaint with the EEOC, but they argue that he has yet to receive a right-to-sue notice, and so his current suit is barred. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss [doc. # 24-7], at 3. Mr. Burke responded to Defendants' Motion to Dismiss by arguing that a right-to-sue notice from the EEOC was not in fact necessary, and that the release provided by the CHRO was sufficient. *See* Objection to Declaration in Support of Pre-Answer Motion to Dismiss and Memorandum of Law in Support of Defendants' Motion to Dismiss [doc. # 29], at 11.

Although there is little case law on this point in the Second Circuit, the Court agrees with Mr. Burke. In *Ortiz v. Prudential Insurance Co.*, 94 F. Supp. 2d 225, 230-31 (D. Conn. 2000), a sister court in this district remarked, "In seeking to bar plaintiff's claim on these grounds [i.e., that plaintiff had received a CHRO release but not an EEOC release], however, defendant fails to acknowledge the work-sharing arrangements entered into by state and federal anti-discrimination agencies." An examination of Mr. Burke's CHRO Release of Jurisdiction, for example, shows that the letter refers to both the CHRO and the EEOC case numbers. And as in *Ortiz*, Defendants here have pointed to no case in this circuit applying Connecticut law in which a plaintiff's suit was dismissed under similar circumstances. Thus, this Court concludes, as did the court in *Ortiz*, that

> [a]s the purposes of the exhaustion requirement–to provide notice to parties charged

3

with violations and to facilitate voluntary compliance should the investigating agency find merit in the complaint–have been served by the state proceeding, the Court does not view the omission of the actual right-to-sue letter as grounds for dismissal.

*Id.* at 231 (citation omitted); *see also Pruitt v. Mailroom Tech., Inc.*, No. 3:06cv1530(WWE), 2007 WL 2302285, at *3 (D. Conn. Aug. 9, 2007) ("In this instance, plaintiff asserts that she was entitled to file her action in state court after receiving a release of jurisdiction and right to sue letter from the CHRO. The CHRO is a deferral state agency with a work-sharing agreement with the EEOC. Thus, exhaustion of state procedures through the CHRO allows plaintiff to proceed with her state and federal claims.") (citing *Ortiz*, 94 F. Supp. 2d at 230-231).

## IV.

Thus, Defendants' Motion to Dismiss [doc. # 24] is DENIED IN PART as to Defendants' claim under *Federal Rule of Civil Procedure* 12(b)(1). Given that the Court has already ordered a partial stay of discovery in order to permit Defendants to depose Mr. Burke in the hope of clarifying the nature of his claims, *see* Order [doc. # 28], the Court will not consider Defendants' argument that Mr. Burke's Complaint also fails to state a claim under Rule 12(b)(6) at this time. Instead, the Court will DENY WITHOUT PREJUDICE Defendants' Motion to Dismiss [doc. # 24] as to that claim, and Defendants may renew their motion after Mr. Burke's deposition, should they choose to do so.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: October 12, 2007.**

4